IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11-CR-97-BO
NO. 7:14-CV-88-BO

| | | |
|---|---|---|
| DONALD RAY BOSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on petitioner's motion and corrected motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 64 & 68] and the government's motion to dismiss [DE 70]. For the reasons stated herein, respondent's motion is GRANTED and petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

On November 3, 2011, petitioner pled guilty without a written plea agreement to one count of possession with intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1). [DE 1, 24]. On May 22, 2012, the Court sentenced petitioner to 151 months' imprisonment and 3 years' supervised release. [DE 43]. During sentencing, the Court noted that petitioner was a career offender for purposes of the sentencing guidelines. [DE 57 at 3-4]. In answer to the Court's questions, the probation officer said that one of petitioner's qualifying convictions (a 2001 New Hanover County Superior Court conviction for selling heroin) was a North Carolina Class G offense with an eligible sentencing range of 12-14 months. [DE 57 at 3-4; DE 25 at 5, ¶13]. Petitioner, through counsel, acknowledged that the guideline "calculations

were correct" but moved unsuccessfully for a downward variance. [DE 57 at 8, 24]. The Court

calculated the guideline range to be between 151 and 188 months' imprisonment [DE 57 at 11]

and ultimately imposed its sentence of 151 months' imprisonment. [DE 57 at 24; DE 43; DE 44].

Petitioner appealed his judgment and challenged his sentence. [DE 47]. On December 20,

2012, the Fourth Circuit affirmed the Court's judgment. [DE 58]. On January 11, 2013, the

mandate issued from the Fourth Circuit. [DE 60]. However, on May 30, 2013, petitioner's

appellate counsel moved the Fourth Circuit to recall the mandate based on his failure to

withdraw from petitioner's case. *United States v. Boston*, No. 12-4417, DE 36 (4th Cir. Sept. 18,

2012). The Fourth Circuit granted this motion on June 7, 2013, and re-entered the mandate to

provide the petitioner the opportunity to file a petition for certiorari. [DE 61]. The Supreme

Court denied petitioner's petition for writ of certiorari on October 21, 2013. *Boston v. United

States*, 134 S. Ct. 485 (Mem) (2013).

Petitioner filed the instant motion on or about May 7, 2014, and filed a corrected motion

on or about May 21, 2014. [DE 64 & 68]. Petitioner raises three claims. First he claims that

counsel (both Ms. Dominguez and Mr. Dunning) provided ineffective assistance of counsel by

not objecting to the career offender guidelines application. [DE 68 at 4]. Second, petitioner

claims that Mr. Dunning prepared an appellate brief "without consulting with the petitioner, then

abandoned the case without providing copies of any of the documents filed on his behalf or

against [petitioner]." [DE 68 at 5]. Third, petitioner claims that he was not a career offender at

the time of sentencing. [DE 68 at 7]. The government has moved to dismiss the petition. [DE

70].

2

## DISCUSSION

"To survive a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 70 F.3d 354, 359 (4th Cir. 2013) (quotation omitted).

Petitioner's ineffective assistance of counsel claim fails because he has not satisfied the two-pronged requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner's first claim fails because petitioner was actually eligible as a career offender for the purposes of the guidelines. The requirement petitioner disputes is that he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). The Fourth Circuit applied its decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), in deciding whether a defendant has a felony conviction for purposes of § 4B1.1(a). *See e.g., United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012).

3

*Simmons* held that, when considering whether someone has sustained a North Carolina conviction for an offense punishable by a term of imprisonment exceeding one year, a court "may only consider the maximum possible sentence that the <u>particular</u> defendant could have received." *United States v. Kerr*, 737 F.3d 33, 37 (4th Cir. 2013). The Fourth Circuit in *Kerr* made clear that the "maximum sentence the particular defendant faced – not the sentence actually imposed – controlled whether the defendant had a qualifying predicate felony." *Id.* (performing this analysis with respect to the sentencing enhancement under 18 U.S.C. § 924(e)).

Here, petitioner had two qualifying convictions at the time of his sentencing and was therefore eligible under the guidelines as a career offender. Although one of the convictions did not result in an actual sentence exceeding one year, the sentencing transcript shows that petitioner was specifically eligible for a sentence exceeding one year. [DE 57 at 3–4]. Therefore petitioner's counsel satisfied the first *Strickland* prong even in not objecting to the career offender enhancement.

Petitioner's second claim fails because his general allegation regarding counsel's behavior does not show that "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). The Fourth Circuit has made clear that counsel "is not obligated to assert all nonfrivolous issues on appeal." *United States v. Baker*, 719 F.3d 313, 318 (4th Cir. 2013) (quotation omitted). "Appellate counsel accordingly enjoys a presumption that he decided which issues were most likely to afford relief on appeal, a presumption that a defendant can rebut only when ignored issues are clearly stronger than those presented. *Id.* (citations omitted). Here, petitioner has not identified any meritorious issues that should have been raised much less an issue that is clearly stronger than those which

4

were raised on appeal. Accordingly, petitioner has again failed to satisfy the first *Strickland* prong.

Finally, petitioner's third claim fails because petitioner has the required convictions to be a career offender under the guidelines as discussed previously.

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED and petitioner's §2255 petition is DISMISSED in its entirety. The Court hereby DENIES petitioner a certificate of appealability.


SO ORDERED.

This the _18_ day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5